1  TOWNSEND AND TOWNSEND AND CREW LLP
   Daniel J. Furniss (State Bar No. 73531)
2  Byron W. Cooper (State Bar No. 166578)
   Gary H. Ritchey (State Bar No. 136209)
3  Gregory S. Bishop (State Bar No. 184680)
   Thomas F. Fitzpatrick (State Bar No. 193565)
4  379 Lytton Avenue
   Palo Alto, California  94301
5  Telephone: (650) 326-2400
   Facsimile: (650) 326-2422
6  Email:  djfurniss@townsend.com
   Email:  bwc@townsend.com
7  Email:  ghritchey@townsend.com
   Email:  gsbishop@townsend.com
8  Email:  tffitzpatrick@townsend.com

9  Attorneys for Defendant
   COMMONWEALTH SCIENTIFIC
10 AND INDUSTRIAL RESEARCH
   ORGANISATION
11

12                    UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16 INTEL CORPORATION AND DELL, INC.,        Case No.  C05 01886 MJJ

17              Plaintiff,                  **COMMONWEALTH SCIENTIFIC
                                            AND INDUSTRIAL RESEARCH
18          v.                              ORGANISATION'S NOTICE OF
                                            MOTION AND MOTION TO
19 COMMONWEALTH SCIENTIFIC AND              DISMISS PLAINTIFFS'
   INDUSTRIAL RESEARCH                      COMPLAINT PURSUANT TO
20 ORGANISATION,                            FEDERAL RULE OF CIVIL
                                            PROCEDURE 12(b)(4) AND (b)(5);
21              Defendant.                  MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT
22                                          THEREOF**

23                                          **Date:        July 12, 2005
                                            Time:        9:30 a.m.
24                                          Courtroom: 11
                                            Judge:       Hon. Martin J. Jenkins**
25

26

27

28

1  TO PLAINTIFFS INTEL CORPORATION AND DELL, INC. AND THEIR ATTORNEYS OF

2  RECORD:

3       NOTICE IS HEREBY GIVEN that on July 12, 2005, at 9:30 a.m. or as soon thereafter as this

4  may be heard, in the Courtroom of the Honorable Martin J. Jenkins, located at 450 Golden Gate

5  Avenue, Courtroom 11, San Francisco, California 94102, Defendant Commonwealth Scientific and

6  Industrial Research Organisation ("CSIRO"), by and through its attorneys, will and hereby move for

7  an order to dismiss the action pursuant to Rule 12(b)(4) and (b)(5) of the Federal Rules of Civil

8  Procedure because of defective service.

9       This motion is based upon the Notice of Motion, the Memorandum of Points and Authorities,

10  the Declaration of Gary H. Ritchey, all other pleadings and papers submitted in this action, and any

11  arguments of counsel and any other evidence which may be presented at or before the hearing on these

12  motions.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2                                                                                              <u>Page</u>

3  I.     INTRODUCTION ............................................................................................... 1

4  II.    STATEMENT OF FACTS ................................................................................. 1

5         A.    Attempted Service Of Process .................................................................... 1

6         B.    CSIRO Is A Government Agency Or Instrumentality ................................ 2

7  III.   LEGAL STANDARD ....................................................................................... 3

8         A.    Proper, Formal Service Of Process Is A Bedrock Principle ...................... 3

9         B.    Federal Rule Of Civil Procedure 4 ........................................................... 3

10        C.    Foreign Sovereign Immunities Act ............................................................ 3

11        D.    Federal Rule Of Civil Procedure 12 ......................................................... 4

12 IV.    ARGUMENT ..................................................................................................... 5

13        A.    CSIRO Is An Agency Of The Australian Government And Thus The
                FSIA Applies ............................................................................................. 5
14
15        B.    Service Was Defective Under The Governing Law ................................... 6

      V.    CONCLUSION .................................................................................................. 7
16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

**Cases**

*Brockmeyer v. May,*
  383 F.3d 798 (9th Cir. 2004) ....................................................................................... 3

*Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect,*
  89 F.3d 650 (9th Cir. 1996) ....................................................................................... 6

*EIE Guam Corp v. Long Term Credit Bank of Japan,*
  322 F.3d 635 (9th Cir. 2003) ................................................................................. 5, 6

*Murphy Brothers, Inc. v. Mitchell Pipe Stringing, Inc.,*
  526 U.S. 344, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999) ........................................ 3

*Patrickson v. Dole Food Co.,*
  251 F.3d 795 (9th Cir. 2001) ....................................................................................... 5

*Trofi v. Qantas Airways Limited,*
  1992 U.S. Dist. LEXIS 10183, 23 Fed. R. Serv. 3d 1315 (D. R.I. 1992) ...................... 6

**Statutes**

28 U.S.C. § 1332(c) ........................................................................................................ 5

28 U.S.C. § 1332(d) ........................................................................................................ 5

28 U.S.C. § 1602 ........................................................................................................ 3, 5

28 U.S.C. § 1603(a) ........................................................................................................ 5

28 U.S.C. § 1603(b) ........................................................................................................ 5

28 U.S.C. § 1608 .................................................................................................... 1, 3, 6

28 U.S.C. § 1608(b) ................................................................................................ 4, 6, 7

28 U.S.C. § 1608(d) ............................................................................................. 1, 4, 7, 8

28 U.S.C. § 2201(a) ........................................................................................................ 1

**Other Authorities**

Science and Industry Research Act of 1949 of the Commonwealth of Australia ...................... 5

**Rules**

Rule 12 of the Federal Rules of Civil Procedure ................................................................ 4

Rule 12(b)(4) of the Federal Rules of Civil Procedure ........................................................ 4

Rule 12(b)(5) of the Federal Rules of Civil Procedure ........................................................ 4

1

**TABLE OF AUTHORITIES (con't)**

2
<u>Page</u>

3  Rule 4 of the Federal Rules of Civil Procedure...................................................................... 1, 3, 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Intel Corporation and Dell, Inc. ("plaintiffs") filed a Complaint for Declaratory Judgment ("Complaint") against the Commonwealth Scientific and Industrial Organisation ("CSIRO") on May 9, 2005.  In attempting to serve CSIRO, plaintiffs acted as if CSIRO were an ordinary foreign corporation, and demanded an answer to the Complaint within twenty days after service.  However, CSIRO is not an ordinary corporation -- it is the national science agency of the Australian government.  As such, service of process is governed by the Foreign Sovereign Immunities Act ("FSIA").  Plaintiffs did not serve CSIRO properly under the FSIA, and the Summons itself is defective in commanding an answer in twenty days when the FSIA explicitly provides for sixty days to respond.

The most cursory due diligence would have revealed that CSIRO was an instrumentality of the government of Australia and indicated the proper procedure for service of process and the proper time for response.  In fact, Federal Rule of Civil Procedure 4(j) directly points a party to 28 U.S.C. § 1608. It is simply inexcusable for plaintiffs to have ignored the status of CSIRO as a government instrumentality and attempted to force it into court on an expedited basis.  Accordingly, the Court should grant CSIRO's motion to dismiss.[1]

## II.   STATEMENT OF FACTS

### A.   Attempted Service Of Process

On May 10, 2005, plaintiffs attempted service by leaving copies of the Complaint and Summons with Ms. Annemaree Hind in CSIRO's Canberra office, and with Ms. Pam Trajkovska in CSIRO's Melbourne office.   Ms. Hind is the personal assistant to the Chief Executive of CSIRO, Dr. Geoff Garrett.  Ms. Trajkovska's is an administrative assistant with the office of CSIRO's General

---

[1] If and when plaintiffs properly serve CSIRO, and according to the sixty day timetable to respond provided by 28 U.S.C. § 1608(d), CSIRO will further move to dismiss due to the lack of subject matter jurisdiction under the Declaratory Relief Act.  28 U.S.C. § 2201(a).  CSIRO has never made a threat of litigation against either plaintiff, and indeed, has never had any communications at all with Intel concerning the patent-in-suit.  There is no subject matter jurisdiction under Article III since neither plaintiff can meet the test of showing an objectively reasonable apprehension of imminent suit. Indeed, plaintiffs' Complaint is so far outside the jurisdictional line that it should be deemed frivolous.

1   Counsel, Mr. Terry Healy.  In addition, a copy of the Complaint and Summons was posted by United

2   States Express Mail to "Dr. Geoff Garrett, CEO" at CSIRO.

3      The Summons received by CSIRO in each case states that an answer is due 20 days after

4   service.  (Declaration of Gary H. Ritchey ("Ritchey Decl."), Exh. A.)

5   **B.    CSIRO Is A Government Agency Or Instrumentality**

6      Australia is a democratic, federal-state system recognizing the British monarch as sovereign.

7   Australia's chief of state is Queen of Australia ELIZABETH II, who is represented by a Governor-

8   General.  The head of government is the Prime Minister.  There are no direct elections as to the

9   executive governmental positions.  The monarch is hereditary; the Governor-General is appointed by

10  the monarch on the recommendation of the Prime Minister; and following legislative elections, the

11  leader of the majority party or leader of a majority coalition is sworn in as Prime Minister by the

12  Governor-General.

13     CSIRO was established by the Science and Industry Research Act of 1949 of the

14  Commonwealth of Australia (the "Act").  (Ritchey Decl., Exh. B.)  The Minister appointed by the

15  Governor-General to administer the Act is currently the Minister for Education, Science and Training

16  -- The Hon. Dr. Brendan Nelson MP (the "Minister").  (*Id.*, Exh. C at 12.)

17     CSIRO is the national science agency of the Australian government.  (*Id.* at 1.)  CSIRO's

18  charter is to conduct research to assist Australian industry, further the interests of the Australian

19  community, contribute to the achievement of Australian national interests, and any other purpose

20  determined by the Minister.  (*Id.*, Exh. B at 3.)  The Chief Executive of CSIRO is appointed by the

21  Governor-General (*id.* at 7), and the functions of the Chief Executive are constrained by and subject to

22  the approval of the Minister in numerous respects.  (*See, e.g., id.* at 5, 7, 8, 9, 12, 23.)  The Board of

23  the Organisation is appointed by the Governor-General (*id.* at 13) and operates under the direction of

24  the Minister.  (*Id.* at 12, 14.)

25     Money is appropriated by Parliament to fund CSIRO, and paid according to the determinations

26  of the Minister of Finance.  (*Id.* at 22.)  The majority of CSIRO's funding is provided by the

27  government.  (*Id.*, Exh. C at 4.)  CSIRO's budget as of June 2004 was approximately $900 million, of

28  which some $568 million was from Parliamentary appropriation, and some $320 million from other

1 | sources, including the Australian private sector and Australian Federal and State governments. (*Id.*)

2 | CSIRO is not subject to taxation under any law of the Commonwealth or of a State or Territory. (*Id.*,

3 | Exh. B at 23.)

4 | **III.   LEGAL STANDARD**

5 |     **A.   Proper, Formal Service Of Process Is A Bedrock Principle**

6 |     As held by the Supreme Court: "Service of process, under longstanding tradition in our system

7 | of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Brothers, Inc.*

8 | *v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999).  In

9 | *Murphy Brothers*, the Supreme Court addressed the question of whether the time to remove a state

10 | court action begins from informal receipt of the complaint or from formal service of process.  In

11 | answering that question, the Supreme Court found as a "bedrock principle" that "[a]n individual or

12 | entity named as a defendant is not obligated to engage in litigation unless notified of the action, and

13 | brought under a court's authority, by <u>formal process</u>." *Id.* at 347, emphasis added.

14 |     Once service is challenged, plaintiffs bear the burden of establishing that service was valid.

15 | *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

16 |     **B.   Federal Rule Of Civil Procedure 4**

17 |     Section j(1) of Federal Rule of Civil Procedure 4 provides the proper procedure for service

18 | upon foreign governments:  "Service upon a foreign state or political subdivision, agency, or

19 | instrumentality thereof shall be effected pursuant to 28 U.S.C. §1608."

20 |     **C.   Foreign Sovereign Immunities Act**

21 |     The Foreign Sovereign Immunities Act (FSIA) governs the amenability of foreign sovereigns

22 | and their agencies to suit in United States courts. *See* 28 U.S.C. § 1602 et seq.  Among other things,

23 | the FSIA was intended to provide a statutory procedure for service of process on a foreign state.  H.R.

24 | Rep. No. 94-1487, 94th Cong. 2d Sess., 8 (1976).  To that end, 28 U.S.C. § 1608 provides a specific,

25 | clear procedure for the service upon an agency or instrumentality of a foreign state:

26 |     (b) Service in the Courts of the United States and of the States shall be

27 |        made upon an agency or instrumentality of a foreign state: (1) by delivery of a copy of the summons and complaint in

28 |        accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention or service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2) and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state-

    (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

    (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

    (C) as directed by order of the court consistent with the law of the place where service is to be made....

28 U.S.C. § 1608(b).

The FSIA also explicitly provides that an agency or instrumentality of a foreign state shall have sixty days after service to serve an answer or other responsive pleading:

(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

28 U.S.C. §1608(d).

## D.    Federal Rule Of Civil Procedure 12

Federal Rule of Civil Procedure 12(b)(4) and (5) provides for motions to dismiss an action where there is insufficiency of process and insufficiency of service of process. Absent proper service of process, as provided by statute, there is no personal jurisdiction.

COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4) AND (b)(5)
Case No. C05 01886 MJJ    - 4 -

1    **IV.    ARGUMENT**

2        **A.    CSIRO Is An Agency Of The Australian Government And Thus The FSIA
3             Applies**

        The FSIA applies to lawsuits against "foreign states."  28 U.S.C. § 1602.  The statute defines

4    "foreign state" as including an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a).

5    Subsection (b) of §1603 defines an "agency or instrumentality of a foreign state" as any entity "(1)

6    which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or

7    political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a

8    foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United

9    Stated as defined in section 1332(c) and (d) of this title, nor created under the laws of any third

10   country."

11       The Ninth Circuit has explained:

12                . . . courts consider whether the entity engages in a public activity on
13                behalf of the foreign government.  In making this determination, courts
                 examine the circumstances surrounding the entity's creation, the purpose
14                of its activities, its independence from the government, the level of
                 government financial support, its employment policies, and its
15                obligations and privileges under state law.

16   *EIE Guam Corp v. Long Term Credit Bank of Japan,* 322 F.3d 635, 640 (9th Cir. 2003),   quoting

17   *Patrickson v. Dole Food Co.*, 251 F.3d 795, 807 (9th Cir. 2001).

18       Here, CSIRO satisfies each of the requirements of the *EIE Guam* test.  With regard to the

19   circumstances surrounding the entity's creation and the purpose of its activities, CSIRO was explicitly

20   created by the Australian government by the enactment of legislation for that specific purpose -- the

21   Science and Industry Research Act of 1949.[2]  (Ritchey Decl.,  Exh. B.)

22       The Act specifically provides that the functions of CSIRO are:

23                (a) to carry out scientific research for any of the following purposes:

24                    (i) assisting Australian industry;

25                    (ii) furthering the interest of the Australian community;

26   _____

27   [2] In fact, CSIRO traces its history to other Australian government organizations dated back to WWI.

28

1           (iii) contributing to the achievement of Australian national objectives or the

2           performance of Australian national objectives of the performance of the

3           national and international responsibilities of the Commonwealth;

4           (iv) any other purpose determined by the Minister.

5  *Id.* at 3.

6      CSIRO reports directly to the Minister.  (Ritchey Decl., Exh. B at 12.)  As shown by the terms

7  of the Act, CSIRO operates under government direction and control.  (*Id.*)  The lion's share of its

8  operating budget comes from Parliamentary appropriation.  (*Id.*, Exh. C at 4.)  It is immune from

9  taxation.  (*Id.*, Exh. B at 23.)  In light of these facts, CSIRO's engagement in some commercial

10  concerns among its research functions does not detract from its governmental status.  *See EIE*, 322

11  F.3d at 641; *Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect*, 89 F.3d 650,

12  654 (9th Cir. 1996) (holding that a subsidiary of a Mexican agency created by the Mexican

13  Constitution that owned and exploited Mexico's petroleum resources was an organ of Mexico).

14  Similarly, Qantas Airways Limited, which is owned by the Australian government, has been found to

15  be a government agency or instrumentality.  *Trofi v. Qantas Airways Limited*, 1992 U.S. Dist. LEXIS

16  10183, 23 Fed. R. Serv. 3d 1315 (D. R.I. 1992) (recommending vacating default judgment where

17  Qantas Airways was not served in conformity with the FSIA.)[3]

18      CSIRO clearly meets the FSIA's definition of an agency or instrumentality of a foreign state

19  and thus the service provisions of § 1608 apply.

20  **B.**    **Service Was Defective Under The Governing Law**

21      The requirements for service of the Complaint are found in 28 U.S.C. § 1608(b).  A review of

22  the provisions of that section shows that service was not properly accomplished.

23      Section 1608(b)(1) provides for delivery of a copy of the summons and complaint in accord

24  with any special arrangement for service between the plaintiff and the agency or instrumentality.

25  Here, no such special arrangements exist.

26  ———————————————

27  [3] A copy of this case is provided as Exhibit D to the Ritchey Declaration for the Court's convenience.

28

COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4) AND (b)(5)
Case No. C05 01886 MJJ        - 6 -

1    Section 1608(b)(2) provides for delivery of a copy of the summons and complaint to an officer

2  or agent in the United States, or in accordance with an applicable international convention on service

3  of judicial documents.  There was no service in the United States, nor is CSIRO shown to have any

4  authorized agents to accept service in the United States.  Further, Australia is not a party to the Hague

5  Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

6  Matters.

7    Section 1608(b)(3) provides for three methods of service, all of which require special

8  authorization which was not obtained here.  Section 1608(b)(3)(A) provides for service "as directed by

9  an authority of the foreign state or political subdivision in response to a letter rogatory or request . . . ."

10  Here, on information and belief, there was neither letter rogatory nor direction by an Australian

11  authority.  Section 1608(b)(3)(B) provides for service "by any form of mail requiring a signed receipt,

12  to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be

13  served . . . "  Here, even assuming that a signed receipt was obtained, the attempted service by mail

14  was not "addressed and dispatched by the clerk of the court" to the agency or instrumentality to be

15  served.  On information and belief, it was addressed and dispatched by Jeffrey G. Randall of Skadden,

16  Arps, Slate, Meagher & Flom LLP.  Section 1608(b)(3)(C) provides for service "as directed by order

17  of the court consistent with the law of the place where service is to be made."  To the best of CSIRO's

18  information and belief, the Court has issued no such order.

19    Further, the Summons is defective on its face.  The Summons states that an answer is due in 20

20  days.  (Ritchey Decl., Exh. A.)  But the FSIA explicitly provides that an agency or instrumentality of a

21  foreign state shall have sixty days after service to serve an answer or other responsive pleading.  28

22  U.S.C. § 1608(d).  The prejudice to CSIRO in having to act within 20 days instead of 60 days to

23  safeguard its interests is obvious.

24  **V.    CONCLUSION**

25    Here, sophisticated commercial entities and those who represent them either did not bother to

26  review, or intentionally ignored, the law governing service on an agency or instrumentality of a

27  foreign government.  Even a cursory glance at Rule 4 would have revealed that with regard to foreign

28  governmental entities, 28 U.S.C. § 1608 is the controlling law for service.  *See* Rule 4(j)(1).  Similarly,

1   a quick glance at CSIRO's website would have revealed that CSIRO is the national science agency of

2   the Australian government, and thus an agency or instrumentality of a foreign government which must

3   be served in accordance with section 1608(b).  And section 1608(d) is quite plain that a responsive

4   pleading is not required until 60 days after service, not 20 days as the plaintiffs' Summons states.

5   There is simply no excuse for such grossly defective service, and the action should therefore be

6   dismissed.

7   DATED:  May 31, 2005                    Respectfully submitted,

8

9                                           By:    /s/ Gary H. Ritchey

10                                                Daniel J. Furniss
                                                 Byron W. Cooper
11                                               Gary H. Ritchey
                                                 Gregory S. Bishop
12                                               Thomas F. Fitzpatrick

13                                               TOWNSEND AND TOWNSEND AND CREW LLP
                                                 379 Lytton Avenue
14                                               Palo Alto, CA 94301
                                                 Telephone: (650) 326-2400
15                                               Facsimile:  (650) 326-2422

16                                               Attorneys for Defendant
                                                 COMMONWEALTH SCIENTIFIC AND INDUSTRIAL
17                                               RESEARCH ORGANISATION

18

19   60500353 v1

20

21

22

23

24

25

26

27

28

COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4) AND (b)(5)
Case No.  C05 01886 MJJ                                                                          - 8 -