**United States District Court**
For the Northern District of California

1

2                    IN THE UNITED STATES DISTRICT COURT

3                FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   INTEL CORPORATION AND DELL, INC.,          No. C-05-1886 MJJ

6                Plaintiffs,                    **ORDER DENYING DEFENDANT'S
                                                MOTION TO DISMISS**
7           v.

8   COMMONWEALTH SCIENTIFIC AND
    INDUSTRIAL RESEARCH ORGANISATION,
9
                Defendant.
10  _____/

11                          **INTRODUCTION**

12       Before the Court is Defendant Commonwealth Scientific and Industrial Research

13  Organisation's ("Defendant" or "CSIRO") motion to dismiss Plaintiffs Intel Corporation and Dell,

14  Inc.'s (collectively, "Plaintiffs") Complaint.  Defendant contends that Plaintiffs' claims should be

15  dismissed on two grounds under the Federal Rules of Civil Procedure:  (1) insufficiency of process

16  under Rule 12(b)(4); and (2) insufficiency of service of process under Rule 12(b)(5).  For the

17  reasons set forth below, the Court **DENIES** the motion.

18                       **FACTUAL BACKGROUND**

19       Plaintiffs filed a Complaint for Declaratory Judgment ("Complaint") against Defendant

20  CSIRO on May 9, 2005.  Defendant CSIRO is Australia's national science agency – an arm of the

21  Australian government.  Defendant received the summons and the Complaint by mail on May 13,

22  2005.  The return address label names counsel for Plaintiffs as the sender.  Plaintiffs contend,

23  however, that it was the clerk of court who sealed, addressed, and mailed the summons and

24

25

26

27

28

United States District Court

For the Northern District of California

1   complaint, not Plaintiffs' counsel.  (Declaration of Steven J. McEvoy ("McEvoy Decl.") at ¶¶ 2, 3,

2   4, 6.)  Plaintiffs also had copies of the summons and complaint hand-delivered to the Australian

3   offices of both CSIRO's Chief Executive and its General Counsel the day after the Complaint was

4   filed.  The Complaint demanded an answer within twenty days of service.

5        On May 31, 2005, Defendant filed the instant motion to dismiss, claiming that service was

6   defective because Plaintiffs' counsel, rather than the clerk of court, sealed, addressed, and mailed the

7   summons and Complaint, which violated the service requirements of the Foreign Sovereign

8   Immunities Act ("FSIA"), which applies where instrumentalities of foreign governments are being

9   sued.  Defendant also claims that summons is defective on its face because, pursuant to the FSIA,

10  CSIRO, as an agency of a foreign state, should have been given sixty days to respond to the

11  Complaint, rather than the twenty days given to ordinary foreign corporations.  Thereafter, on

12  numerous occasions, by both telephone and in writing, Plaintiffs' counsel asked Defendant to

13  withdraw its motion in light of the Ninth Circuit's holding in *Straub v. AP Green, Inc.*, 38 F. 3d 448

14  (9th Cir. 1994), and offered to provide Defendant sixty days to respond to the Complaint.  Defendant

15  declined.

16                                    **LEGAL STANDARD**

17       "Service of process, under longstanding tradition in our system of justice, is fundamental to

18  any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Mitchell Pipe Stringing,*

19  *Inc.*, 526 U.S. 344, 350 (1999).  It is a "bedrock principle" that "[a]n individual or entity named as a

20  defendant is not obligated to engage in litigation unless notified of the action, and brought under a

21  court's authority, by formal process."  *Id*. at 347.

22       Federal Rule of Civil Procedure 4(j)(1) provides that the proper procedure for service upon

23  foreign governments and their agencies is governed by the FSIA, 28 U.S.C. § 1608.  § 1608

24  describes the various methods by which service on a foreign government may be effected.  Absent a

25  special arrangement between the plaintiff and the foreign agency, and absent service to an officer or

26  agent of the foreign instrumentality in the United States, service may be effected, pursuant to §

27  1608(b)(3)(B), "by any form of mail requiring a signed receipt, to be addressed and dispatched by

28  the clerk of the court to the agency or instrumentality to be served . . . ."  Pursuant to § 1608(d) of

United States District Court

For the Northern District of California

1   the FSIA, agencies of foreign governments must respond to properly-served complaints within sixty

2   days of service, rather than the twenty days given to ordinary foreign corporations.

3           Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) allow a court to dismiss a complaint

4   if process and service of process are insufficient.

5                                               **ANALYSIS**

6           The parties do not dispute that Defendant CSIRO is an agency or instrumentality of the

7   government of Australia and that as such, the FSIA governs service of process on CSIRO.  The

8   parties also do not dispute that CSIRO was provided with the summons and Complaint in three

9   different ways which provided CSIRO with actual notice of the lawsuit.  The only issues in dispute

10  here are:  (1) whether the clerk of court sealed, addressed, and mailed the summons and complaint in

11  compliance with § 1608(b)(3)(B) and if not, whether this error warrants dismissal of Plaintiffs'

12  Complaint; and (2) whether Plaintiffs' Complaint should be dismissed in light of Plaintiffs' failure,

13  in the summons, to provide Defendant sixty days to respond.  The Court finds that dismissal is not

14  warranted here.

15  **A.      Defective Service of Summons and Complaint**

16          Defendant argues that Plaintiffs' Complaint should be dismissed because service was not

17  effected in compliance with § 1608 of the FSIA.  Plaintiffs contend that they served CSIRO in

18  compliance with § 1608(b)(3)(B) by contacting the clerk of court, asking the clerk about the

19  procedure for complying with the requirements for serving a foreign government instrumentality,

20  and following the clerk's instructions for compliance.  Plaintiffs also contend that even if the

21  procedure followed does not strictly comply with the FSIA's requirements, the service substantially

22  complied with the FSIA, and substantial compliance is sufficient.  The Court agrees with Plaintiffs.

23          **1.       The Clerk of Court Effected Service on Defendant CSIRO.**

24          First, with respect to the procedure used by Plaintiffs, the Court finds that Defendant was

25  properly served by the method described in § 1608(b)(3)(B).  According to Plaintiffs, Plaintiffs'

26  counsel contacted the clerk of court to inquire about the proper procedure for complying with that

27  subsection of the FSIA.  At the clerk of court's instruction, Plaintiffs contend, counsel for Plaintiffs

28  brought to the clerk's office filled-out address labels as well as the summons and Complaint in an

United States District Court

For the Northern District of California

1  unsealed envelope.  According to Plaintiffs, a representative from the clerk's office, Rufino Santos,

2  then inspected the documents and the labels, sealed the envelope, and affixed the labels to the

3  envelope.  Mr. Santos then accompanied counsel for Plaintiffs to the post office and observed the

4  mailing of the envelope.

5  　　　Although Plaintiffs' counsel's name appears on the return address label of the package, the

6  Court finds, based on the representations of Plaintiffs' counsel, that the clerk of court effected the

7  service of the summons and Complaint in compliance with the service requirements of the FSIA.

8  　　　**2.　　　In Any Event, Service Substantially Complied With the FSIA.**

9  　　　Even if the service procedure employed by Plaintiffs (and the clerk of court) did not comply

10  with § 1608(b)(3)(B), the Court finds that the FSIA's service requirements were substantially

11  complied with such that Plaintiffs' Complaint should not be dismissed.  In *Straub*, 38 F.3d at

12  453–54, the Ninth Circuit held that courts should employ a substantial compliance test to determine

13  whether the FSIA has been complied with.[1]  "The substantial compliance test . . . is satisfied . . . if

14  [the defendant] received actual notice of the lawsuit."  *Id*.  "[T]he pivotal factor is whether the

15  defendant receives actual notice and was not prejudiced."  *Id*. at 453.  Here, there is no dispute that

16  Defendant received the summons and Complaint on, at the latest, May 13, 2005.  Thus, Defendant

17  received actual notice of the lawsuit.  Moreover, Defendant has provided no evidence of any

18  prejudice suffered due to the manner of service employed.  Accordingly, pursuant to the Ninth

19  Circuit's holding in *Straub*, the Court finds that Plaintiffs substantially complied with the FSIA's

20  service requirements.

21  **B.　　　Summons Defective On Its Face**

22  　　　Defendant also contends that Plaintiffs' Complaint should be dismissed since the summons,

23  demanding that CSIRO respond within twenty days, is defective on its face because it does not

24  comply with the FSIA.  Defendant is right that it should have been given sixty days to respond.

25  However, as discussed *supra*, the appropriate inquiry is whether Defendant received actual notice of

26  the lawsuit and whether Defendant was prejudiced by the defect.  *See Straub*, 38 F.3d at 453–54.

27

28  　　　[1] Defendant CSIRO's contention that *Straub* is no longer good law in light of the Supreme
Court's holding in *Murphy Brothers* is without merit.

United States District Court

For the Northern District of California

1  Defendant received actual notice of the lawsuit by, at the latest, May 13, 2005.  Although the

2  summons erroneously demanded a response from CSIRO within twenty days rather than sixty,

3  Plaintiffs have repeatedly offered to permit Defendant sixty days to respond.  Accordingly, there is

4  no showing that Defendant has been prejudiced by the technical mistake in the summons.  Thus, the

5  Court declines to dismiss Plaintiffs' complaint.

6                                          **CONCLUSION**

7          For the reasons set forth above, Defendant's motion to dismiss is hereby **DENIED**.

8  Defendant CSIRO must respond to Plaintiffs' Complaint by August 1, 2005.

9

10         **IT IS SO ORDERED.**

11

12  Dated: July _8_, 2005

13                                          MARTIN J. JENKINS
                                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5